FRANK B. EATON, RESPONDENT, v. VILLAGE OF SOUTH ORANGE ET AL., APPELLANTS.

Argued May 20, 1926—Decided October 18, 1926.

On appeal from the Supreme Court, whose *per curiam* is printed in 3 *N. J. Mis. R.* 956.

For the appellants, *Riker & Riker.*

For the respondent, *Howe & Davis.*

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the opinion of the court below.

*For affirmance*—THE CHIEF JUSTICE, PARKER, MINTURN, KALISCH, BLACK, CAMPBELL, WHITE, GARDNER, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, JJ.    12.

*For reversal*—None.

---

J. O'NEILL FAIRLEIGH ET AL., EXECUTORS, ETC., APPELLANTS, v. NEWTON A. K. BUGBEE, STATE COMPTROLLER, RESPONDENT.

Submitted May 28, 1926—Decided October 18, 1926.

On appeal from the Supreme Court, whose *per curiam* is printed in 3 *N. J. Mis. R.* 1072.

For the appellants, *Charles De F. Besore.*

For the respondent, *Edward L. Katzenbach.*

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the opinion of the court below.

*For affirmance*—THE CHIEF JUSTICE, PARKER, MINTURN, KALISCH, BLACK, CAMPBELL, WHITE, GARDNER, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, JJ. 12.

*For reversal*—None.

---

MORRIS FEDER ET AL., APPELLANTS, v. SAM SOLOMON ET AL., RESPONDENTS.

Submitted May 28, 1926—Decided October 18, 1926.

On appeal from the Supreme Court, whose opinion by Judge Newman is reported in 3 *N. J. Mis. R.* 1189.

For the appellants, *Weinberger & Weinberger.*

For the respondents, *Feder & Rinzler.*

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons stated in the opinion by Judge Newman in the court below.

PARKER, J. (concurring in result). My vote for affirmance of the judgment is based on the proposition that by the contract the appellants were referred to the title as conveyed by earlier deeds and those deeds made express mention of the party wall rights, with knowledge of which appellants were accordingly charged. I am unwilling to give concurrence to the view expressed by the trial judge, that a party wall right is not an encumbrance, especially under modern condi-